November 9th, 1903.

———O———

No. 3257.

(Court of Appeal, Parish of Orleans.)

SAM SING vs. FRANK GEORGE FREED.

1. To maintain an action for malicious prosecution the onus is upon the plaintiff to show the prosecution and its termination; that the defendant was the prosecutor; that he was actuated by malice; and that there was no probable cause for the prosecution. If he fails in any of these he cannot recover.

2. The acquittal of the plaintiff, after a trial or examination, is presumptive evidence of want of probable cause and from which malice may be inferred. In such event the onus is shifted on the defendant to show that the prosecution was not actuated by malice or without probable cause.

3. In this cause the defendant assumed the burden of proof and successfully carried it.

4. The granting of continuances is a matter which is left to the

discretion of the trial judge. If the exercise of that discretion has not been arbitrary, but just and reasonable it will not be interfered with by appellate Court.

Appeal from the Twenty-Eighth Judicial District Court, Parish of Jefferson.

A. E. Billings, for Plaintiff and Appellant.

L. H. Marrero, Jr., for Defendant and Appellee.

MOORE, J. Plaintiff's claim is one sounding in damages for a malicious prosecution.

The allegations of the pettion are, substantially, that on the 2nd April, 1902, the plaintiff was arrested on an affidavit, sworn to by the defendant, charging him with the larceny of a hat; that he was arrested on said charge and confined in jail for a part of two days and finally discharged after hearing before the justice of the peace; that the affidavit was false, malicious and made without probable cause.

The answer tenders the general issue.

There was ujdgment in favor of the defendant, from which plaintiff prosecutes this appeal. The prosecution and its termination and that the defendant was the prosecutor, are fully established.

The evidence, however, likewise shows that on or about the 26th day of March, 1902, the defendant went to the place of bsuiness of plaintiff, a laundry, and asked him if he could leave a hat there until he called for it; to which request plaintiff consented and the hat was thereupon placed on a shelf of the laundry. Two or three days subsequently the defendant called for his hat, first in the morning and again in the evening, but both occasions plaintiff refused to give him his hat, offering no reasons therefor except that he did not have it, and on the last occasion putting defendant out of his (plaintiff's) shop.

Appealing to the Chief of Police of Gretna, where the incident happened, to aïd in obtaining his hat, both the Chief of Police and defendant repaired to plaintiff's laundry and a demand was made by both the officer and the defendant for the hat, with the result that a refusal was again met with.

Thereupon the Chief of Police advised defendant to make a charge against the plaintiff, which was done with the result stated.

Upon his discharge from the charge made against him the plaintiff then handed over to Leo Marrero, at the Court house, the defendant's hat and subsequently instituted this suit, claiming $500 damages. To maintain an action for malicous prosecuton the onus

45

is upon the plaintiff to show the prosecution and its termination; that the defendant was the prosecutor; that he was actuated by malice; plaintiff was damaged. If any of these essential ingredients are that there was no probable cause for the prosecution and that lacking the action must fall.

In our appreciation of the facts of this case two important elements to the right of recovery are absent, i. e. that defendant was actuated by malice and that there was no probable cause for the prosecution. The acquittal of the plaintiff by the Justice of the peace which was shown by the plaintiff raised the presumption of want of probable cause for the arrest; and want of probable cause is itself presumptive evidence of malice and abides against the defendant until rebutted. The defendant in the instant case assumed this burden of proof and, in our opinion, completely estabished the fact that his prosecution was based on the highly probable cause of plaintiff's guilt, and was absoluely and entirely instituted without any malice whatsoever. As said, for our esteemed brother of the lower Court: "He (defendant) had twice requested plaintiff to return him his property, and being refused, appealed to the officer of the law to get it. Under the circumstances of this case he had probable cause to suspect the plaintiff."

The learned counsel for the plaintiff and appellant presses upon our attention a bill of exception reserved by him to the ruling of the Judge below denying a motion for a continuance, based upon the ground of the absence of a material witness for the plaintiff. It appears that on the day fixed for trial, and on which day the case was tried, one Frank Silva, for whom a subpoena had been duly issued as a witness for the plaintiff, failed to appear. The sheriff's return shows that the witness was absent from the parish. Thereupon motion for a continuance was asked, supported by the necessary affidavit, but the motion was denied for the following reasons, assigned in writing, by the trial Judge:

"The continuance was refused because there was no certainty of getting the absent witness, on the day on which the Court was requested to assign the case, any more than there had been on numerous previous occasions. On Dec.27, 1902, the exception in the case was tried, referred to the merits and the case assigned for January 5th, 1903. On the 5th was continued to the 12th, on that day it was again continued to the 22nd, on motion of counsel for the plaintiff. On the 22nd, on motion of Counsel for plaintiff, showing absence of Frank Silva a material witness for plaintiff, the case was ordered cotinued to the 28th. On February 4th, by consent of counsel, the case was continued to February 28th, and on that day on motion of plaintiff's counsel again suggesting

46

the absence of the same witness, Frank Silva, whom the sheriff had been unable to find, the case was ordered continued to this day (March 9th, 1903,) and a further continuance is now refused."

Jurisprudence has settled it that the granting of continuances is a matter which is left entirely to the discretion of the trial Judge, except in clear cases where refusal is arbitrary and injurious.

In the instant cause the trial Judge exercised a proper discretion in refusing the continuance for the grounds stated.

It is argued however, that under the textual provisions of Arts. 464-5 and 6 C. P. the right to a continuance is absolute when based upon the absence of a material witness or the inability of the litigant to procure the necessary evidence at the time when the cause is called.

We do not so understand the articles of the Code, supra.

In every case where a continuance is asked for it is addressed to the discretion of the Judge whether to grant or refuse it. Of course, as we have said, it must be reasonably and not arbitrarily exercised, each case being dependent upon the circumstances surrounding it, no fixed rule can be establshed, except that no Court should abuse the discretion which the law reposes in it in this regard.

In the instant case the discretion was reasonably and justly exercised by the lower Court, and, hence the ruling of the Judge in refusing the continuance is not error.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be affirmed, the costs of both courts to be taxed against the plaintiff.